UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 2:17-cr-11-FtM-38CM

JAMES KYLE RICHARDSON

## **OPINION AND ORDER**[1]

This matter comes before the Court on the parties' motions in limine (Docs. 69, 70, 71, 72, 73) filed on July 28, 2017.  The Court held a final pretrial conference on August 4, 2017.  For the reasons stated on the record and those listed herein, the Court rules on the motions in limine as follows:

**A.    THE GOVERNMENT'S FIRST MOTION IN LIMINE**

In its First Motion in Limine (Doc. 69), the Government moves to substantively admit evidence that (1) law enforcement began investigating the residence at 3285 Cindy Lane, Englewood, FL 34224 (the "Subject Property") because of narcotics tips from inmates at the Charlotte County Jail in Charlotte County, Florida, and (2) that multiple trash pulls were conducted by law enforcement at the Subject Property, which revealed evidence of narcotics activity.  In support, the Government argues that introduction of the narcotics tips would prevent the jury from perceiving that the Subject Property was

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

targeted arbitrarily by law enforcement for investigation, and that introducing the evidence gained from the trash pulls would also tie Richardson to the Subject Property and complete the story of the crime.

Responding in opposition, Richardson argues that introducing the narcotics tips is unnecessary to prevent the jury from perceiving that the Subject Property was targeted arbitrarily because the jury will know that law enforcement possessed a search warrant. As to the trash pulls, Richardson avers that any introduction of evidence on those grounds would be irrelevant, unduly prejudicial and cumulative, given that he was found at the Subject Property during the search, does not contest that he resided there, and because he has already pled guilty to possession of marijuana with intent to distribute. The Court agrees.

First, introducing the narcotics tips is unnecessary to prevent the jury from reaching a conclusion that the Subject Property was targeted arbitrarily or unlawfully by law enforcement at the time of the search. Because a validly issued search warrant is present, which itself must be based on probable cause and issued by a neutral magistrate, any hint of misperception by the jury can be readily cured by the Government. *See* U.S. Const. amend. IV.

Likewise, evidence of mail addressed to Richardson gained from the trash pulls is unnecessary to tie Richardson to the Subject Property. Richardson has indicated that he does not intend to contest his residence at the Subject Property. Therefore, there is no need to discuss the mail found during the trash pulls.

Similarly, introducing the evidence of narcotics found during the trash pulls is unnecessary to provide a background why the police obtained a search warrant for the

Subject Property. The Eleventh Circuit has held that evidence not part of the crime charged, but still pertains to "the chain of events explaining the context, motive and set-up of the crime," may be admitted where it is "linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or [it] is necessary to complete the story of the crime for the jury." *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985). Here, the evidence gained from the trash pulls provided probable cause to believe that narcotics activity was ongoing at the Subject Property, and on those grounds a search warrant was issued. The evidence gained from the trash pulls, however, is not linked in time and circumstance to the illegal possession of a firearm, it forms no integral and natural part of the illegal possession of a firearm, and is unnecessary to complete the story of the crime for the jury.

**B.  RICHARDSON'S FIRST MOTION IN LIMINE**

In his First Motion in Limine (Doc. 70), Richardson moves the Court to exclude evidence of the trash pulls as irrelevant, overly prejudicial, confusing and needlessly cumulative. Because the Court has already found this evidence to be inadmissible in ruling on the Government's First Motion in Limine, Richardson's Motion is granted.

**C.  RICHARDSON'S SECOND MOTION IN LIMINE**

In his Second Motion in Limine (Doc. 71), Richardson requests the Court to exclude pharmaceutical drugs covered by valid prescriptions found by law enforcement during the search of the Subject Property. Undergirding this request is the fact that when the Subject Property was searched, law enforcement officers recovered 4.4 grams of hydromorphone in Richardson's mother's bedroom, and 33 methadone tablets, 4.5 grams of methadone tablets, 2 hydromorphone tablets, 2.5 oxycodone tablets, and 2 diazepam

tablets in another bedroom, and 1 oxycontin tablet and 3 diazepam tablets on Richardson's person. Richardson avers that because some drugs had valid prescriptions[2], they were not illegal, and any probative value is substantially outweighed by the danger of unfair prejudice.

For its part, the Government indicates that it will not seek to introduce evidence of controlled substances for which valid prescriptions exist, but still intends to introduce evidence of any illegal or prescription drugs found in unlabeled containers, loose in Richardson's bedroom, or on his person. The Government asserts that such evidence is relevant because the firearm was found in Richardson's mother's room, along with marijuana (to which the Defendant pled guilty), and because of the existence of other pills throughout the home and on Richardson's person. The Government argues that such evidence is probative of the issue of firearm possession. The Court agrees.

The Eleventh Circuit has held that evidence of drug trafficking can be relevant to the ability to prove knowing possession of a firearm where the trafficking takes place both temporally and physically close to the firearm. *United States v. Thomas*, 242 F.3d 1028, 1032 (11th Cir. 2001). This is the case here. Given the location of the firearm, and the substances found in the home and on Richardson's person, introducing such evidence is probative of Richardson's possession of a firearm and is not outweighed by the threat of unfair prejudice, confusion or the possibility that the jury may be misled. The Government may introduce any controlled substances not found in a labeled container, in Richardson's mother's possession, or for which Richardson did not have a valid prescription.

---

[2] Richardson supplied the Government with several valid prescriptions, made out to Richardson's mother.

4

**D.    RICHARDSON'S THIRD MOTION IN LIMINE**

In his third Motion in Limine (Doc. 72), Richardson requests that the Court exclude the Government from introducing Richardson's prior criminal convictions. Subsequent to filing this Motion, the parties stipulated to Richardson's status as a convicted felon. Therefore, this Motion is denied as moot.

**E.    RICHARDSON'S FOURTH MOTION IN LIMINE**

Last, in his Fourth Motion in Limine (Doc. 73), Richardson moves to exclude statements made by anonymous informants regarding Richardson's drug trafficking activity in Englewood, Florida. Richardson argues that introducing such evidence should be excluded as testimonial hearsay violative of the confrontation clause, and moreover that such evidence would be irrelevant, cumulative and highly prejudicial. The Court agrees. Consistent with the Court's ruling in the Government's First Motion in Limini, the Government will not be allowed to introduce this evidence.

Accordingly, it is now **ORDERED:**

1. The Government's First Motion in Limine (Doc. 69) is **DENIED**.
2. Richardson's First Motion in Limine (Doc. 70) is **GRANTED**.
3. Richardson's Second Motion in Limine (Doc. 71) is **DENIED**.
4. Richardson's Third Motion in Limine (Doc. 72) is **DENIED as moot**.
5. Richardson's Fourth Motion in Limine (Doc. 73) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 7th day of August, 2017.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record